UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARENZO LOMAX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15869** |
| **DARREL VANNOY, WARDEN** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Petitioner Larenzo Lomax's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254, contending that he received ineffective assistance of counsel during his state criminal prosecution.[3] The Magistrate Judge recommends that the Court dismiss the petition on the merits,[4] and Petitioner objects to the recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 13.

[3] Rec. Doc. 1.

[4] Rec. Doc. 13.

[5] Rec. Doc. 14.

1

**I. Background**

*A.    Factual Background*

On December 19, 2011, Petitioner was charged by Bill of Information in the 22nd Judicial District Court for the Parish of St. Tammany with two counts of armed robbery.[6] Specifically, Petitioner was charged with committing an armed robbery of the Whitney Bank in Mandeville, Louisiana, on October 31, 2011.[7] On March 2, 2012, a jury found Petitioner guilty as charged.[8] On May 14, 2012, the state trial court sentenced Petitioner on each count to a concurrent term of sixty years imprisonment without benefit of probation, parole, or suspension of sentence.[9] On March 22, 2013, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[10] On November 15, 2013, the Louisiana Supreme Court denied Petitioner's related writ application.[11]

On February 4, 2015, Petitioner filed an application for post-conviction relief to the state trial court.[12] The state trial court denied Petitioner's post-conviction relief application on March 5, 2015.[13] Petitioner's related writ applications were denied by the Louisiana First Circuit on August 10, 2015,[14] and the Louisiana Supreme Court on October 17, 2016.[15]

---

[6] State Rec., Vol. I of VII, Bill of Information, Dec. 19, 2011.

[7] *State v. Lomax*, 12-KA-1390, p. 2 (La. App. 1 Cir. 3/22/13); State Rec., Vol. III of VII.

[8] State Rec., Vol. I of VII, Jury Verdict Forms, Mar. 2, 2012.

[9] State Rec., Vol. I of VII, Minute Entry, May 14, 2012.

[10] *State v. Lomax*, 12-KA-1390 (La. App. 1 Cir. 3/22/13); State Rec., Vol. III of VII.

[11] *State v. Lomax*, 13-K-889 (La. 11/15/13); 125 So. 3d 1100.

[12] State Rec., Vol. V of VII, Uniform Application for Post-Conviction Relief, Feb. 4, 2015.

[13] State Rec., Vol. V of VII, Order, Mar. 5, 2015.

[14] *State v. Lomax*, 15-KW-0685 (La. App. 1 Cir. 8/10/15); State Rec., Vol. V of VII.

[15] *State ex rel. Lomax v. State*, 15-KH-1680 (La. 10/17/16); 202 So. 3d 478.

Petitioner filed the instant federal habeas petition in this Court on October 24, 2016, asserting the following grounds for relief: (1) his trial counsel was ineffective for failing to argue that the police lacked probable cause to arrest Petitioner; and (2) his counsel was ineffective for failing to challenge the affidavit in support of a search warrant of Petitioner's house.[16] The State filed a response, arguing that the petition should be dismissed on the merits.[17] On January 25, 2017, Petitioner filed a reply to the State's response.[18]

## B.   *Report and Recommendation Findings*

The Magistrate Judge recommends that the petition be dismissed on the merits.[19] The Magistrate Judge found that Petitioner's first claim asserting counsel was ineffective for failing to challenge the validity of his arrest was without merit.[20] The Magistrate Judge noted that Supreme Court precedent establishes that an officer may conduct a warrantless arrest under the Fourth Amendment, if "there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."[21] In Petitioner's case, the arresting officer, Stephen Paretti, testified at a pretrial hearing that he based his belief that Petitioner committed the crime of armed robbery on information obtained from Winn Dixie employees.[22] The Magistrate Judge determined that Officer Paretti's testimony established facts

---

[16] Rec. Doc. 1.

[17] Rec. Docs. 11.

[18] Rec. Doc. 12.

[19] Rec. Doc. 13.

[20] *Id.* at 12–13.

[21] *Id.* at 12 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).

[22] *Id.* at 12–13 (citing State Rec., Vol. II of VII, Hearing Transcript at 245–46, Feb. 29, 2012).

sufficient to provide probable cause for Petitioner's arrest.²³ Therefore, the Magistrate Judge found that any motion challenging the validity of Petitioner's arrest under the Fourth Amendment would have been meritless, and so Petitioner had not established that his counsel performed ineffectively by failing to challenge the arrest.²⁴

The Magistrate Judge also rejected Petitioner's second claim that counsel was ineffective for failing to challenge the search warrant on the basis that the supporting affidavit contained allegedly false statements.²⁵ The Magistrate Judge noted that Petitioner alleged that the affidavit of Detective Joseph Downs should have been challenged on three grounds: (1) the affidavit falsely stated that Petitioner had admitted that currency from the robbery was in his residence; (2) the affidavit falsely stated that the currency used at the Winn Dixie store was stained with red dye; and (3) the affidavit was misleading in that it failed to reveal that the location where Petitioner's vehicle was captured on the License Plate Recognition ("LPR") system was less than three miles from his house.²⁶ The Magistrate Judge found no colorable evidence to support Petitioner's assertion that Detective Downs deliberately lied by stating that Petitioner admitted that the currency was in his house, as this statement was corroborated by the trial testimony of Deputy Vaugh Whitehead.²⁷ The Magistrate Judge noted that Detective Downs was relying on the information he received from Winn Dixie store employees when he stated that the currency used at the Winn Dixie store was stained with red dye, and so even if that underlying information was untrue, which Petitioner had not established, it would not serve as a basis for challenging the

---

²³ *Id.* at 13.

²⁴ *Id.* (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

²⁵ *Id.* at 14–18.

²⁶ *Id.* at 15.

²⁷ *Id.* at 15–16 (citing State Rec., Vol. II of VII, Trial Transcript at 387, Mar. 1, 2012).

4

affidavit.[28] Finally, the Magistrate Judge found that the statement regarding the location of the vehicle was not misleading, because even if it was located less than three miles from Petitioner's residence, it was closer to the bank where the robbery occurred.[29] Therefore, the Magistrate Judge concluded that Petitioner had not established that he would have prevailed in challenging the affidavit, and so Petitioner had not established that his trial counsel's failure to challenge the affidavit was ineffective.[30]

Finally, the Magistrate Judge noted that Petitioner's assertion that the state court erred in denying him an evidentiary hearing during post-conviction relief was not reviewable on federal habeas review.[31] Furthermore, the Magistrate Judge determined that Petitioner was not entitled to a federal evidentiary hearing because "review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[32] Accordingly, the Magistrate Judge recommends that the Court dismiss the petition with prejudice.[33]

## II. Objections

### A. *Petitioner's Objections*

Petitioner raises three objections to the Magistrate Judge's Report and Recommendation.[34] First, Petitioner asserts that the Magistrate Judge erred in concluding that the police had probable

---

[28] *Id.* at 16.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 17.

[32] *Id.* at 18 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

[33] *Id.* at 19.

[34] Rec. Doc. 14.

cause to arrest Petitioner at the Winn Dixie store.[35] Petitioner argues that the Magistrate Judge "ignored critical parts of [Petitioner's] argument."[36] Petitioner asserts that Officer Paretti lied about the broadcasted description of the vehicle that was used in the robbery in an "attempt to retroactively establish probable cause to justify [Petitioner's] arrest."[37] Specifically, Petitioner asserts that Officer Paretti's statement that he "observed a four-door sedan that fit the color and the make of the vehicle that was broadcasted or BOLO'd to our agency that was possibly involved in the armed robbery that occurred on the 31st of October" was false.[38] Petitioner asserts that this testimony was false because the witness that saw the vehicle did not give a make and described the car as "dark colored, possible dark green in color."[39] Petitioner contends that he drove a purple car.[40] Moreover, Petitioner contends that Officer Paretti's testimony regarding the recovery of a Western Union receipt does not establish probable cause because the receipt was recovered after Petitioner's arrest.[41] Petitioner acknowledges that the Winn Dixie employee's statement that Petitioner had red dye on his hands and Petitioner's nervous behavior in the store may have justified an investigatory stop, but Petitioner contends that this information did not establish probable cause for his arrest.[42]

---

[35] *Id.* at 1.

[36] *Id.*

[37] *Id.* at 2.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 3–4.

[42] *Id.* at 4–5.

Second, Petitioner objects to the Magistrate Judge's determination that Detective Downs' affidavit in support of a search warrant "did not contain materially false statements."[43] Petitioner asserts that the Magistrate Judge erred in making the conclusory assertion that there is no colorable evidence in the record that Detective Downs' deliberately lied, because Petitioner only needs to show that Detective Downs' statement was the product of a reckless disregard for the truth, not a deliberate lie.[44] Moreover, Petitioner contends that Detective Downs knew the money recovered from the Winn Dixie store was not actually stained with dye, but omitted this information from his affidavit.[45] Petitioner further asserts that Detective Downs "had a duty to include [crucial] information in his affidavit, and his failure to do so qualifies as a deliberate lie (by omission), or as a reckless disregard for the truth."[46] Furthermore, Petitioner contends that Detective Downs' affidavit left out pertinent information that the location where Petitioner's vehicle was captured on the LPR system was less than three miles from his house.[47]

Finally, Petitioner argues that the Magistrate Judge erred in failing to accept his allegations as true.[48] Petitioner asserts that an evidentiary hearing is required if the Magistrate Judge does not accept Petitioner's factual allegation that the money recovered from Winn Dixie store was not stained with red dye as true.[49]

---

[43] *Id.* at 5.

[44] *Id.* at 6.

[45] *Id.* at 7.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 8.

### B.     *State's Response*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

### A.     *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[50] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[51] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[52]

### B.     *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[53] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[54] A state court's determinations on mixed questions of law and fact or pure

---

[50] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[51] Fed. R. Civ. P. 72(b)(3).

[52] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[53] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[54] 28 U.S.C. § 2254(d)(2).

8

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[55]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[56]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[57] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[58]

## IV. Law and Analysis

### A. *Ineffective Assistance of Counsel*

Petitioner raises two ineffective assistance of counsel claims. First, Petitioner claims that his trial counsel was ineffective for failing to argue that the police lacked probable cause to arrest Petitioner.[59] Second, Petitioner contends that his trial counsel was ineffective for failing to

---

[55] 28 U.S.C. § 2254(d)(1).

[56] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[57] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[58] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[59] Rec. Doc. 1.

9

challenge the affidavit in support of a search warrant.[60] The Magistrate Judge found both of these claims unavailing,[61] and Petitioner objects.[62] Accordingly, the Court will review Petitioner's ineffective assistance of counsel claims *de novo*.[63]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[64] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[65] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[66] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[67] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[68] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for

---

[60] *Id.*

[61] Rec. Doc. 13.

[62] Rec. Doc. 14.

[63] Fed. R. Civ. P. 72(b)(3).

[64] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[65] *Id.* at 697.

[66] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[67] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[68] *See Strickland*, 466 U.S. at 689.

counsel's unprofessional errors, the result of the proceeding would have been different."[69] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[70]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[71] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[72] Thus, this standard is considered "doubly deferential" on habeas corpus review.[73]

### 1. Failure to Challenge Validity of Petitioner's Arrest

Petitioner objects to the Magistrate Judge's determination that the state court did not err in finding that counsel was not constitutionally deficient in failing to challenge the validity of Petitioner's arrest.[74] Specifically, Petitioner asserts that the Magistrate Judge erred in concluding that the police had probable cause to arrest Petitioner at the Winn Dixie store.[75] Petitioner asserts that Officer Paretti lied about the broadcasted description of the vehicle that was used in the robbery in an "attempt to retroactively establish probable cause to justify [Petitioner's] arrest."[76]

---

[69] *Id.* at 694.

[70] *Id.*

[71] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[72] *Id.*

[73] *Id.*

[74] Rec. Doc. 14 at 1.

[75] *Id.*

[76] *Id.* at 2.

Moreover, Petitioner contends that Officer Paretti's testimony regarding the recovery of a Western Union receipt does not establish probable cause, because the receipt was recovered after Petitioner's arrest.[77] Petitioner acknowledges that the Winn Dixie employee's statement that Petitioner had red dye on his hands and Petitioner's nervous behavior in the store may have justified an investigatory stop, but Petitioner contends this information did not establish probable cause for his arrest.[78] Therefore, the Court reviews this claim *de novo*.[79]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[80] Therefore, federal habeas petitioners are generally prohibited from directly asserting Fourth Amendment claims in a federal habeas corpus application, but a petitioner is not precluded from asserting related Sixth Amendment ineffective assistance of counsel claims.[81] "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," a federal habeas petitioner must prove "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."[82]

---

[77] *Id.* at 3–4.

[78] *Id.* at 4–5.

[79] Fed. R. Civ. P. 72(b)(3).

[80] 428 U.S. 465, 494 (1976).

[81] *See Kimmelman v. Morrison*, 477 U.S. 365 (1986).

[82] *Id.* at 375.

In *Devenpeck v. Alford*, the Supreme Court held that "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."[83] "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."[84] "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[85] "The facts must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest."[86]

In Petitioner's case, Officer Paretti testified at a pre-trial hearing that he based his belief that Petitioner had committed the armed robbery of the Whitney Bank on "what dispatch explained to us, what they dispatched across the radio, the information that we had from them, [and] the information from the store clerk" working in the Winn Dixie store where the arrest was made.[87] Officer Paretti testified that the store clerk informed the police that "a black male was trying to complete a transaction at Western Union which appeared to have money dye on the currency along with money dye on his hands. On top of the fact that the clerk stated she had worked [at] a bank before, and she was familiar with the money dye and . . . how it stays on hands and how it is on

---

[83] *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *United States v. Watson*, 423 U.S. 411, 417–24 (1976); *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)).

[84] *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

[85] *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (quoting *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, (1979))).

[86] *Id.* (citing *Sibron v. New York*, 392 U.S. 40, 62–63 (1968); *Henry v. United States*, 361 U.S. 98, 102 (1959); *Johnson v. United States*, 333 U.S. 10, 16 (1948); *Carroll v. United States*, 267 U.S. 132, 161–62 (1925)).

[87] State Rec., Vol. II of VII, Transcript at 245–46, Feb. 29, 2012.

13

the currency."[88] Additionally, Officer Paretti testified that he observed as Petitioner "exited the store, made eye contact with me, and briskly went back into the store."[89] Officer Paretti's testimony regarding the store clerk's description of Petitioner, the store clerk's observation of money dye on Petitioner's hands and the currency, and Petitioner's behavior at the store, was sufficient to establish probable cause for Petitioner's arrest. Therefore, Petitioner's arguments regarding the description of his vehicle and the recovery of a Western Union receipt are of no moment to this instant analysis.

Because there was probable cause for the arrest, any motion challenging the validity of the arrest under the Fourth Amendment would have been meritless. Therefore, Petitioner's claim that his counsel was ineffective for failing to assert such a challenge must fail, because he has not demonstrated that counsel's performance was deficient or that it prejudiced his defense.[90] Accordingly, the Court finds that the state court's denial of relief on this claim was not contrary to or an unreasonable application of clearly established federal law.

2. **Failure to Challenge Affidavit in Support of the Search Warrant of Petitioner's Home**

Petitioner also objects to the Magistrate Judge's rejection of his claim that he received ineffective assistance of counsel due to counsel's failure to properly challenge the affidavit in support of a search warrant of Petitioner's house.[91] Specifically, Petitioner objects to the

---

[88] *Id.*

[89] *Id.*

[90] *See Kimmelman*, 477 U.S. at 375.

[91] Rec. Doc. 14 at 5–8.

14

Magistrate Judge's determination that Detective Downs' affidavit in support of a search warrant "did not contain materially false statements."[92] Therefore, the Court reviews this claim *de novo*.[93]

In *Franks v. Delaware*, the Supreme Court held that there is "a presumption of validity with respect to the affidavit supporting the search warrant."[94] To mandate an evidentiary hearing on the veracity of an affidavit, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."[95] Similarly, a petitioner can challenge omission of facts in the affidavit if "the omissions were made intentionally or with a reckless disregard for the accuracy of the affidavit; negligent omissions will not undermine the affidavit."[96] A petitioner "bears the burden of showing by a preponderance of the evidence that a misstatement or omission was more than mere negligence."[97] Further, an evidentiary hearing is not necessary if "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause."[98]

Here, Petitioner challenges the veracity of an affidavit provided by Detective Downs to obtain a search warrant of Petitioner's home. The affidavit in question states:

> On 10/31/11, at approx. 1219 hrs, members of the Mandeville Police Department responded to the Whitney Bank, located at 1902 Florida St., Mandeville, LA

---

[92] *Id.* at 5.

[93] Fed. R. Civ. P. 72(b)(3).

[94] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

[95] *Id.*

[96] *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980).

[97] *United States v. Runyan*, 290 F.3d 223, 234 n.6 (5th Cir. 2002) (citing *Martin*, 615 F.2d at 329).

[98] *Franks*, 438 U.S. at 171–72.

relative to a report of a bank robbery. Upon arrival, Detectives met with the witness[es] who were inside the bank at the time of the robbery. The witnesses stated that a male subject entered the bank wearing a black hooded sweat shirt, approached the teller demanding the money. The perpetrator passed a purple in color Mardi Gras bag to the teller demanding she fill the bag with cash. The teller complied and placed a explosive red dye pack in the bag with other US currency. The perpetrator fled without incident. Another witness observed the perpetrator running across Florida St. as the dye pack went off. The video surveillance inside the bank captured the perpetrator wearing long black pants with a stripe down the leg, black hooded sweatshirt with a black tee shirt over it, and black and red gloves. The perpetrator had some type of clothing or mask covering his entire head and face, he was carrying a purple in color Mardi Gras bag.

During the investigation, Detectives accessed the LPR system which captured the lisence [sic] plate numbers of vehicle North bound on Hwy 59. A list was compiled of numerous vehicles. One vehicle on the list which was captured was a 2004 Chrysler 4dr, bearing CA plate 6PCU614 at 1219 hrs on 10/31/11. The vehicle registration returns to a Larenzo Lomax from California.

On 11/1/11, Detectives received information that a subject at the Winn Dixie located at 4100 Hwy 59, Mandeville, [was] making a Western Union wire transfer with US currency that had red dye on it. The Detectives along with members of the STPSO responded to that location and located a black male subject identified as Larenzo Lomax dob [redacted], residing at 1528 Clover St., Mandeville. Lomax was pointed out by the store personell [sic] as being the person who made the wire transfer. The above vehicle was located in the parking lot of the Winn Dixie, which after Lomax was verbally advised on his Miranda Rights he confirmed that was his vehicle. Lomax also was formally advised of his Rights and during the course of an interview, he stated that currency obtained in the robbery was concealed within his residence, 1528 Clover St.[99]

Petitioner asserts that Detective Downs' affidavit should have been challenged on three grounds.[100] First, Petitioner contends that the affidavit falsely stated that Petitioner had admitted that currency from the robbery was in his residence.[101] However, Petitioner presents no evidence to support his assertion that this statement was false or made with reckless disregard for the truth. Furthermore, this statement was corroborated by the trial testimony of Deputy Vaugh Whitehead,

---

[99] State Rec., Vol. II of VII, Affidavit of Detective Downs.

[100] Rec. Doc. 1-1 at 18–22.

[101] *Id.* at 18–20.

who testified that during an interview with police Petitioner admitted that there was "a lot of money" in his house.[102] In his objections to the Report and Recommendation, Petitioner asserts that Deputy Whitehead's testimony was also false, but again he presents no evidence to support this assertion.[103] To mandate an evidentiary hearing on the veracity of an affidavit, "the challenger's attack must be more than conclusory. . . and those allegations must be accompanied by an offer of proof."[104] Therefore, Petitioner has not shown that an evidentiary hearing on this issue would have been warranted under the Supreme Court's holding in *Franks*.[105]

Second, Petitioner alleges that the affidavit falsely asserted that the money Petitioner used in the money transfer at the Winn Dixie store was stained with red dye.[106] The Magistrate Judge noted that Detective Downs was relying on the information he received from Winn Dixie store employees when he stated that the currency used at the Winn Dixie store was stained with red dye, and so even if that underlying information was untrue it would not serve as a basis for challenging the affidavit.[107] In *United States v. Arrington*, the Fifth Circuit found that "even proof that the informant's information was false would not have vitiated probable cause for the warrant."[108] Instead, a defendant challenging an affidavit would have had to show that the affiant police officers repeated the informant's tip with knowledge that it was false or with reckless disregard for the

---

[102] State Rec., Vol. II of VII, Trial Transcript at 387, Mar. 1, 2012.

[103] Rec. Doc. 14 at 6.

[104] *Franks*, 438 U.S. at 171–72.

[105] *Id.*

[106] Rec. Doc. 1-1 at 21.

[107] Rec. Doc. 13 at 16.

[108] 618 F.2d 1119, 1125 (5th Cir. 1980).

truth."[109] Petitioner asserts that Detective Downs "knew well before he executed the affidavit that the money recovered from the Winn Dixie store had no bank dye on it whatsoever."[110] In support of this assertion, Petitioner argues that pictures taken by the Mandeville Police Department prove that the money Petitioner used at the Winn Dixie store was not stained with red dye.[111] However, Petitioner does not point to any particular photograph to support this assertion. Moreover, even if some of the money recovered was not covered in red dye, Petitioner has not shown that Detective Downs "repeated the informant's tip with knowledge that it was false or with reckless disregard for the truth."[112] Therefore, Petitioner has not shown that an evidentiary hearing on this issue would have been warranted under the Supreme Court's holding in *Franks*.[113]

Third, Petitioner alleges that Detective Downs' affidavit was misleading in that it failed to reveal that the location where his vehicle was captured on the LPR system was located less than three miles away from Petitioner's residence.[114] Petitioner has not demonstrated that this omission was made intentionally or with a reckless disregard for the accuracy of the affidavit, and "negligent omissions will not undermine the affidavit."[115] Therefore, Petitioner has not shown that an evidentiary hearing on this issue would have been warranted under the Supreme Court's holding in *Franks*.[116]

---

[109] *Id.*

[110] Rec. Doc. 14 at 7.

[111] Rec. Doc. 1-1 at 21.

[112] *Id.*

[113] *Franks*, 438 U.S. at 171–72.

[114] Rec. Doc. 1-1 at 14.

[115] *Martin*, 615 F.2d at 329.

[116] *Franks*, 438 U.S. at 171–72.

For these reasons, Petitioner has not established that the state trial court would have granted Petitioner a hearing on the veracity of the affidavit or that Petitioner would have prevailed if such a hearing were held. Therefore, Petitioner's claim that his counsel was ineffective for failing to challenge the affidavit must fail, because he has not demonstrated that counsel's performance was deficient or that it prejudiced his defense. Accordingly, the Court finds that the state court's denial of relief on this claim was not contrary to or an unreasonable application of clearly established federal law.

B.     *Entitlement to Evidentiary Hearing*

Finally, Petitioner asserts that an evidentiary hearing is required if the Magistrate Judge does not accept Petitioner's factual allegation that the money recovered from Winn Dixie store was not stained with red dye as true.[117]

As amended by the AEDPA, 28 U.S.C. § 2254 limits the power of a federal court to grant a state prisoner's petition for a writ of habeas corpus.[118] As the United States Supreme Court explained in *Cullen v. Pinholster*, the AEDPA sets "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."[119] Therefore, review under Section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits."[120] In *Smith v. Cain*, the Fifth Circuit held that the limitation on federal evidentiary hearings imposed by the Supreme Court in *Pinholster* "does not apply once the district court concluded, solely on the basis of the state court

---

[117] Rec. Doc. 14 at 8.

[118] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[119] *Id.* (citations and quotation marks omitted).

[120] *Id.* (citations and quotation marks omitted).

19

record, that the state trial court unreasonably applied federal law. Because the state court decision is no longer entitled to deference, the federal court is free to properly address the claim and grant appropriate relief."[121] Here, the Court has concluded that the state court's denial of relief on Petitioner's ineffective assistance of counsel claims was not contrary to or an unreasonable application of federal law. Therefore, Petitioner is not entitled to an evidentiary hearing.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to or an unreasonable application of federal law. Moreover, Petitioner is not entitled to an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Larenzo Lomax's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 15th day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[121] *Smith v. Cain*, 708 F.3d 628, 635 (5th Cir. 2013).